CHURCH, et ux. *v.* STATE EX REL. DIST. ATTY.

No. 41235          April 27, 1959          111 So. 2d 228

*W. T. Weir*, Philadelphia, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

HOLMES, J.

This is an appeal from a decree of the Chancery Court of Neshoba County adjudging the appellants to be in con-

tempt of court for violation of an injunction theretofore issued against them enjoining them from violating the intoxicating liquor laws on certain described premises in Neshoba County, and imposing a fine of $500 each, and a sentence of thirty days in the Neshoba County jail.

On November 4, 1952, the State of Mississippi, on the relation of the district attorney, filed a bill of complaint against the appellants in the Chancery Court of Neshoba County charging that intoxicating liquors were found, kept and possessed on certain described premises owned by the said C. M. Church, and occupied and operated by him and his wife, and that the use and operation of said premises by the appellants were such as to constitute the same a nuisance, and an injunction was prayed for to enjoin the said appellants from further violation of the intoxicating liquor laws on said premises. The proceedings were brought under Section 2646 of the Mississippi Code of 1942. A temporary injunction was issued.

On November 22, 1954, an agreed final decree in the cause was entered wherein the temporary injunction issued on November 4, 1952 was made final and permanent.

On November 7, 1958, the State of Mississippi, on the relation of the district attorney, filed a petition for citation for contempt against the appellants in the Chancery Court of Neshoba County alleging the previous issuance of the injunction, and charging that the defendants therein had subsequently violated the intoxicating liquor laws on said premises by unlawfully having in their possession intoxicating liquors.

The appellants filed an answer to said petition wherein they admitted the alleged subsequent violations, and averred by way of defense to the contempt proceedings that the said alleged subsequent violations constituted penal offenses for which charges had been preferred against them and to which they had entered pleas of quilty, and for which they had paid fines, and they further averred that to punish them for contempt for the violation of said injunction because of said alleged sub-

sequent violations would be to punish them twice for the same offense in violation of the rule against double jeopardy.

The appellants also demurred to said petition, setting forth as grounds therefor that the State had elected to prosecute the appellants for the aforesaid subsequent offenses and that they had paid the fines imposed therefor, and that to punish them for contempt for the violation of said injunction because of said alleged subsequent violations would be to punish them twice for the same offense in violation of the rule against double jeopardy.

The court heard the case on the petition, the demurrer, and the answer of the appellants, and on November 25, 1958, rendered a decree overruling the demurrer and adjudging the appellants to be guilty of contempt of court and sentencing them to serve thirty days in the Neshoba County jail, and to pay a fine of $500 each.

■■ ■ The only point raised on this appeal is whether or not the imposition of a fine and jail sentence in the contempt proceedings violated the rule against double jeopardy since the appellants had theretofore paid fines for the particular offenses or violations relied upon to support the contempt proceedings. We think there is no merit in this contention of the appellants. The exact proposition is dealt with adversely to the contention of the appellants in 22 C. J. S., Criminal Law, Section 293, as follows:

"293.—Criminal Offenses and Contempt. Indictable offenses may be punishable as such and the offenders may be likewise subjected to punishment for the same acts as contempts.

"Indictable statutory offenses may be punished as such, while the offenders likewise may be subjected to punishment for the same acts as contempts, the two being diverso intuitu, and capable of standing together. Thus one who makes an assault in the presence of the court in such a manner as to constitute a contempt of court is punishable, not only for the contempt, but also

for the assault. One committing an act which he is enjoined from committing and which is a violation of a penal law may be punished for contempt for violating the injunction, and he may be punished also for a violation of the criminal law. Consequently a statute providing that the sale of intoxicating liquors may be enjoined, and that violations of injunctions thereof may also be punished as contempt of court, is not in violation of the rule against double jeopardy.''

W are accordingly of the opinion that the decree of the chancery court is correct and that it should be and is affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Lee,* and *Gillespie, JJ.,* concur.